MARY C. HILLMAN & another *vs.* MARY M. TINSLEY & another. January 2, 1969. This is a petition for the removal of the guardian of a mentally ill person. A decree was entered dismissing the petition. The petitioners appealed from this decree. The probate judge in his "Report of Material Facts" stated that "The ward is a hopeless idiot from birth. She is now about fifty-nine years of age . . . [and is the] beneficiary under an inter-vivos trust in which the Second Bank-State Street Trust Company is trustee. The guardian never handled any money and never charged any fee. . . . [The ward] is in a private home . . . [and] is receiving the best of care." After the filing of the report the petitioners filed a request for further findings and that a "paragraph be deleted from the report." The judge refused to make most of the requested findings and refused to delete the paragraph. The petitioners also appealed from the refusal to make all the requested findings and the refusal to delete the paragraph. There was no error. It is perfectly clear that the guardian is a suitable person and that there is no basis for his removal.

*Decree affirmed with costs.*

*Victor E. Hillman* for the petitioners.
*Richard A. Robinson* for Edmund H. Taylor.
*Richard Wait* for State Street Bank and Trust Company.
*Richard W. Dearborn* for Rutgers University, *Henry B. Dewey* for John F. Tinsley & another, & *James G. Reardon* for College of the Holy Cross, joined in a brief.

PETER SONDRINI'S CASE. January 2, 1969. The single member awarded compensation to the employee on the basis of total disability from April 18, 1964, to February 1, 1965, and for partial incapacity from the latter date to June 1, 1965. The reviewing board adopted the findings and decision of the single member with the exception of that portion of the award to the employee which was based on four months of partial incapacity. From a decree in accordance with the reviewing board's decision the employee appealed. There was no error. Evidence before the single member permitted the finding that the employee was not partially incapacitated between February 1 and June 1, 1965. Certain evidence admitted over the employee's objection was cumulative and any error that occurred in admitting other evidence from an investigator was harmless.

*Decree affirmed.*

*Pasquale J. Ventola* for the employee.
*John T. Foynes* for the insurer.